NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CATHERINE JANE LYNCH, *Plaintiff/Appellant*,

*v.*

HOMESMART, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0840

FILED 07-01-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-024519
The Honorable Christopher Whitten, Judge

**AFFIRMED**

COUNSEL

Catherine Jane Lynch, Phoenix
*Plaintiff/Appellant Pro Se*

Jennings Haug Keleher McLeod Waterfall, LLP, Phoenix
By Michael H. Orcutt, John Browder
*Counsel for Defendant/Appellee HomeSmart*

Law Offices of Kamille R. Dean, PLC, Phoenix
By Kamille Rae Dean
*Counsel for Defendants/Appellees Mendoza*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge D. Andrew Gaona joined.

---

**F O S T E R**, Judge:

¶1        Appellant Catherine Lynch appeals the superior court's dismissal of her complaint against HomeSmart, LLC, Julieth Cortes and Connie Ramirez ("HomeSmart") and Martha and Joel Mendoza (collectively "Defendants"). Lynch contends the Defendants failed to disclose a sinkhole on the property she purchased from them. For the reasons below, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        This Court "views the facts in the light most favorable to the non-moving party." *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 69, ¶ 2 (App. 2014).

¶3        Lynch made an offer to purchase a house ("Property") from the Mendozas through their agent, HomeSmart. During the inspection period, Lynch discovered a sinkhole on the property noting in her complaint that while in escrow she visited the Property and discovered a "huge 400 [sq. ft.] . . . deep hole" in the front yard. Lynch obtained a video showing that the hole appeared after a monsoon storm a few months before she made her offer. She emailed the video to Defendants and sought access to the Property for a soil engineer and earth-moving contractor to diagnose the issue, recommend remedies and fix any issues before closing. The Mendozas denied Lynch's request. Despite the Mendozas' refusal, Lynch proceeded with the transaction and closed escrow. About a year later, a contractor's van sank in the Property's front yard.

¶4        Lynch then filed a complaint against the Defendants, and later amended it, asserting the following claims: (1) breach of fiduciary duty, (2) fraud and misrepresentation and (3) breach of contract.

¶5        HomeSmart moved to dismiss Lynch's amended complaint. The Mendozas joined in the motion and argued dismissal was appropriate because Lynch failed to state a claim against any defendant. Both the Mendozas and HomeSmart noted that Lynch's "claims are not different and

concern the same facts, circumstances, causes of action and elements other than the agent/principal relationship." Lynch responded claiming that Defendants harmed her and argued that HomeSmart had a duty to disclose.

**¶6**         After briefing, the superior court held oral argument on HomeSmart's motion to dismiss. Considering the documents attached to the complaint and incorporating by reference the Residential Buyer's Inspection Notice and Seller's Response ("BINSR"), the court granted HomeSmart's motion and dismissed Lynch's complaint. It reasoned that Lynch (1) received actual knowledge of the sinkhole (2) failed to plead actionable conduct against HomeSmart and (3) failed to establish justifiable reliance as to any statement or omission against HomeSmart. The court's order did not mention the Mendozas when granting the motion. The Mendozas sought clarification, which the court granted, subsequently filing a minute entry supplementing its ruling to include the Mendozas and granting dismissal in their favor on the same grounds as HomeSmart. The court issued final judgment shortly after. Lynch appealed.

**¶7**         HomeSmart filed an answering brief, in which the Mendozas joined. This Court permitted Lynch to file a reply, but Lynch declined. This Court has appellate jurisdiction. A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

### I.    Lynch's opening brief fails to comply with ARCAP 13.

**¶8**         This Court recognizes that Lynch is a self-represented litigant. But "a party who conducts a case without an attorney is entitled to no more consideration from the [C]ourt than a party represented by counsel, and is held to the same standards expected of a lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7)(A) requires that arguments addressed in an opening brief must contain "appropriate references to the record" and "citations of legal authorities" to support appellant's appeal. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). When a party fails to comply with ARCAP 13, courts may deem a party's arguments abandoned and waived. *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022).

**¶9**         Lynch argues the court erred in (1) finding she had knowledge of the Property's defect, (2) failing to determine that HomeSmart did not disclose the defect to Lynch and (3) reordering the facts of the case that would have otherwise established justifiable reliance. But Lynch fails to adequately explain her arguments, references to the record or substantial explanation. Lynch's opening brief is also devoid of citations to

authority besides her jurisdictional statement. "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos,* 252 Ariz. at 522, ¶ 8 (citations omitted).

**¶10**          Despite Lynch's non-compliance with ARCAP 13, this Court, in its discretion, will address Lynch's argument on negligent misrepresentation as this Court understands it and to the extent that Lynch articulated it. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013). Lynch waived any other arguments by failing to clearly articulate and support them. *Id.*

## II.    The court properly dismissed Lynch's negligent misrepresentation count.

**¶11**          This Court reviews dismissal of a complaint for failure to state a claim *de novo. Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012); *see* Ariz. R. Civ. P. 12(b)(6). Dismissal is appropriate when "as a matter of law, plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (cleaned up) (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)). Determining whether a complaint states a claim upon which relief can be granted requires courts to consider the pleading and "assume the truth of all well-pleaded factual allegations" and their reasonable inferences. *Id.* at ¶ 9.

**¶12**          For Lynch to establish a claim for negligent misrepresentation in the sale of the Property, she must show: (1) a special relationship between her and Defendants, (2) the special relationship implicated a duty of care, (3) Defendants provided false information and (4) she justifiably relied on the misrepresentation resulting in damages. *Hammer Homes, LLC v. City of Phoenix*, 256 Ariz. 526, 528–29, ¶¶ 11–13 (App. 2023); Restatement (Second) of Torts § 552(1). But if Lynch had notice of a condition that could affect her decision to purchase the Property, she had a duty to investigate. *Hill v. Jones*, 151 Ariz. 81, 86 (App. 1986); *see also Luke v. Smith*, 13 Ariz. 155, 162 (1910) (constructive notice).

**¶13**          Lynch's amended complaint broadly alleged that HomeSmart failed to disclose the sinkhole and intentionally did not disclose it in the listing. She also claimed that HomeSmart did not disclose this material defect before entering the contract, attaching the Residential Seller

Disclosure Advisory report ("Disclosure Report") and portions of the purchase contract to her complaint.

**¶14** In its motion to dismiss, HomeSmart attached the BINSR and the purchase contract, referenced in Lynch's amended complaint, in its entirety. *See Cullen v. Koty-Leavitt Ins. Agency, Inc.*, 216 Ariz. 509, 513, ¶ 8 (App. 2007) ("A contract central to the plaintiff's claim, [] is not a 'matter[ ] outside the pleadings' for purposes of Rule 12(b)(6)") (quotation omitted), *vac'd in part on other grounds*, *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417 (2008). The purchase contract, executed by the parties in September 2022, contained a "Buyer Disapproval" clause which provided:

> If Buyer, in Buyer's sole discretion, disapproves of items as allowed herein, Buyer shall deliver to Seller a signed notice of the items disapproved and state in the notice that Buyer elects to either:
>
> (1) Immediately cancel this Contract, in which case:
>
> (a) If Buyer's notice specifies disapproval of items as allowed herein, the Earnest Money shall be released to Buyer.
>
> . . .
>
> OR
>
> (2) Provide Seller an opportunity to correct the items disapproved, in which case:
>
> . . .
>
> (c) If Seller is unwilling or unable to correct any of the items disapproved, Buyer may cancel this Contract within five (5) days after delivery of Seller's response or after expiration of the time for Seller's response, whichever occurs first, and the Earnest Money shall be released to Buyer. If Buyer does not cancel this Contract within the five (5) days as provided, Buyer shall close escrow without correction of those items that Seller has not agreed in writing to correct.

**¶15** The documents showed that during the inspection period, Lynch completed the BINSR noting the sinkhole and requesting the

Mendozas provide her access to the Property to correct a disapproved item—the dirt pile caused by the sinkhole. HomeSmart responded to the BINSR the next day and notified Lynch that "[the Mendozas are] unwilling or unable to correct any of the items disapproved by Buyer." Lynch received the Mendozas' Disclosure Report the following day. The Disclosure Report indicated an environmental issue on the Property which included the seller's explanation that "[y]ears after I purchased the property during a monsoon season a hole opened up on the ground, I then filled and compacted with dirt." A day later, Lynch signed the BINSR and selected the box indicating "Buyer accepts Seller's response to Buyer's Notice and agrees to close escrow without correction of those items Seller has not agreed in writing to correct."

¶16 Lynch signed the BINSR fully aware of the sinkhole and that the Mendozas declined to fix it. Rather than exercise her option to cancel the contract, Lynch proceeded with the transaction. Because she proceeded with the transaction having full knowledge of the alleged defect, Lynch cannot state a claim for misrepresentation. *See Univ. Inv. Co. v. Sahara Motor Inn, Inc.*, 127 Ariz. 213, 215 (App. 1980) (nondisclosure claims are barred where the defect is known or reasonably discoverable by the buyer).

¶17 Moreover, because misrepresentation requires reliance on false information, Lynch failed to plead actionable conduct against HomeSmart and the Mendozas. *Hammer Homes, LLC*, 256 Ariz. at 528–29, ¶¶ 11–13; *see* Restatement § 552(1). And even if the Mendozas failed to initially disclose the sinkhole, HomeSmart corrected the issue through the Disclosure Report provided before finalization of the transaction. A seller disclosing some facts while failing to disclose other facts can equate to misrepresentation. *Hill*, 151 Ariz. at 84–85. But Lynch's knowledge of the sinkhole nullifies her claim. Lynch cannot show that she relied on the Mendozas' failure to disclose. Instead, with full knowledge, she proceeded with the Property's purchase. Lynch thus failed to state a claim upon which relief could be granted and the superior court properly dismissed her complaint.

## III. Costs on appeal.

¶18 This Court awards HomeSmart and the Mendozas their taxable costs on appeal under A.R.S. § 12-341 subject to their compliance with ARCAP 21.

## CONCLUSION

¶19 This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR